7 So.2d 91

## ALLEN v. STATE.

6 Div. 818.

Court of Appeals of Alabama.

March 3, 1942.

Rehearing Denied March 24, 1942.

---

[1] Ante, p. 10.

F. F. Windham, of Tuscaloosa, for appellant.

Thos. S. Lawson, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant, tried under an indictment charging him with the offense of murder in the second degree, was convicted of the offense of manslaughter in the second degree, and sentenced to serve at hard labor for the county for the period of one year.

There seems not much for us to say.

The record is regular in all respects.

The various counts of the indictment were in the form prescribed by law—rather, required by law. The demurrers were properly overruled.

The State's evidence was to the effect that appellant, after imbibing a quantity of whiskey and beer, was driving his automobile at a highly reckless rate of speed, on a muchly travelled public highway, in clear defiance of law; and that while so doing, and as a proximate result of so doing, he ran his automobile off the said highway, struck a tree, post, or other fixed obstacle, completely wrecking it, and killing the two people named in the indictment.

 The learned judge presiding over the trial in the court below charged the jury, orally, as follows, to-wit:

"As I stated to you before, manslaughter in the second degree is the unlawful and involuntary taking of human life. Involuntary in that sense means not voluntary; that is, unintentional taking of human life. Such a taking of human life as that term is meant in manslaughter in the second degree may be where one is engaged in some law infraction known as a misdemeanor, that is, a smaller grade of law violation; and, while so engaged in such unlawful act, takes the life of another, though such party had no actual intention of taking the life of such other. Or, it may be where one is engaged in a lawful act but doing it in a grossly negligent manner, and in so doing takes the life of another as the proximate result of such gross negligence, though there was no actual intention to take human life.

"Gross negligence is a higher degree of culpability than mere simple negligence. Simple negligence, that is, ordinary negligence is the doing of that which an ordinarily prudent person would not do under the same or similar circumstances. And simple negligence of that type does not carry with it any criminal liability. But gross negligence is negligence of a more aggravated nature than ordinary negligence; and it carries with it, as it were, a reckless disregard for the consequences. And where one is guilty of gross negligence, and such gross negligence on his part proximately takes the life of another, and it is unlawful, then under the law, it is manslaughter in the second degree."

We think the quoted excerpt from the oral charge of the court in all respects correct. And the State's evidence, permissibly adopted as true by the jury, met in every way the requirement of the law for a conviction of the offense of manslaughter in the second degree.

 The fact that the testimony on behalf of appellant contradicted—rather weakly in some particulars—that on behalf of the State, served only to make the question of appellant's guilt vel non one for the jury.

We find no error anywhere, and the judgment is affirmed.

Affirmed.